United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WESTERN ALLIANCE BANK, AN ARIZONA CORPORATION,<br>Plaintiff,<br>v.<br>C6 CAPITAL LLC, et al.,<br>Defendants. | Case No. 5:26-cv-00443-EJD<br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br>Re: Dkt. No. 24 |

Plaintiff Western Alliance Bank ("WAB") brings various California tort claims against Defendant C6 Capital Funding LLC ("C6 Funding") for alleged misrepresentations and omissions made during contract negotiations. Compl., ECF No. 1. Before the Court is C6 Funding's partial motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot., ECF No. 24; Opp'n, ECF No. 28; Reply, ECF No. 30.

After carefully reviewing the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons stated below, the Court **GRANTS** C6 Funding's motion pursuant to Rule 12(b)(1) for failure to allege jurisdiction.[1]

A district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. Fed. R. Civ. Pro. 12(b)(1). Here, Plaintiff alleges jurisdiction arises out of 28 U.S.C. § 1332(a). Under § 1332(a), a federal court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The rule requires complete

[1] The Court does not reach Rule 12(b)(6) arguments at this time.

diversity; every plaintiff must be diverse from every defendant. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Courts ordinarily look to the face of the complaint to determine whether diversity of citizenship exists, unless the defendant brings a factual attack. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). Once a defendant moves to dismiss for lack of subject matter jurisdiction, the plaintiff has the burden of establishing the court's jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

The Court finds WAB failed to plead facts sufficient to invoke diversity jurisdiction. WAB summarily alleges: "Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332, as there is complete diversity of jurisdiction because all of the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs." Compl. 5. However, WAB does not allege the citizenship of all parties—particularly, the citizenship of its own LLC members. And WAB's response does not meaningfully dispute this clear pleading deficiency. WAB contends that the allegation quoted above "is sufficient to satisfy its pleading requirements" without explanation, then notes that, "[t]o the extent that the Court finds that it is not, WAB is prepared to amend its Complaint to satisfy any such pleading requirements." Opp'n 13. And rather than identifying any allegation in the complaint alleging the citizenship of each LLC member, WAB points to C6 Funding's alleged failure to file its disclosure statements as required by Fed. R. Civ. P. 7.1(b). *Id.* Not only is this point moot given that C6 Funding subsequently filed its disclosure on June 2, 2026, ECF No. 37, it is irrelevant to WAB's failure to allege its own citizenship. And regardless, in a "facial attack" such as this, where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), the Court looks only to the allegations in the complaint.

United States District Court
Northern District of California

Given WAB's failure to sufficiently plead jurisdiction, the Court must dismiss. The Court will grant WAB the opportunity to amend its complaint. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (internal quotation marks omitted). If WAB chooses to amend, it must do so by **November 12, 2026**.

**IT IS SO ORDERED.**

Dated: October 22, 2026

EDWARD J. DAVILA
United States District Judge